Robert H. Royer, Jr. Judge of the Municipal Court City of Abilene City Building Abilene, Kansas 67410
Dear Judge Royer:
As municipal judge for the city of Abilene you request an opinion concerning the confidentiality of presentence alcohol and drug evaluation reports and disclosure to third parties who desire these reports for use in civil lawsuits involving the defendant who is the subject of the evaluation.
K.S.A. 8-1008, as amended by L. 1994, ch. 350, sec. 1(c) provides, in relevant part, as follows:
 "A presentence alcohol and drug evaluation shall be conducted on any person who is convicted of a violation of K.S.A. 8-1567 . . . or the ordinance of a city in this state which prohibits the acts prohibited by that statute. The presentence alcohol and drug evaluation report shall be made available to and shall be considered by the court prior to sentencing. The presentence alcohol and drug evaluation report shall contain a history of the defendant's prior traffic record, characteristics and alcohol or drug problems, or both, and a recommendation concerning the amenability of the defendant to education and rehabilitation. The presentence alcohol and drug evaluation report shall include a recommendation concerning the alcohol and drug driving safety education and treatment for the defendant. The presentence alcohol and drug evaluation report shall be prepared by a program which has demonstrated practical experience in the diagnosis of alcohol and drug abuse."
 42 U.S.C. § 290dd-2 provides, in relevant part, as follows:
 "(a) Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment, rehabilitation, or research, which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall . . . be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.
"(b) Permitted disclosure.
 "(1) Consent. The content of any record referred to in subsection (a) of this section may be disclosed in accordance with the prior written consent of the patient with respect to whom such record is maintained, but only to such extent, under such circumstances, and for such purposes as may be allowed under regulations prescribed pursuant to subsection (g) of this section.
 "(2) Method for disclosure. Whether or not the patient, with respect to whom any given record referred to in subsection (a) of this section is maintained, gives written consent, the content of such record may be disclosed as follows:
 "(C) If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefore, including the need to avert a substantial risk of death or serious bodily harm. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure." (Emphasis added).
The intent of this law is to promote the treatment of individuals who have substance abuse problems by assuring them that their privacy rights will be protected by prohibiting disclosure of any information received or acquired by a federally assisted alcohol or drug program. U.S. Code Cong. and Admin. News, 1972, pg. 2072; 42 C.F.R. § 2.11.
42 C.F.R. § 2.12(d)(2)(iii) states, in relevant part, as follows:
 "Restrictions on disclosures — third party payers, administrative entities, and others. The restrictions on disclosure in these regulations apply to:
 "(iii) persons who receive patient records directly from a federally assisted alcohol or drug abuse program and who are notified of the restrictions on redisclosure of the records in accordance with section 2.32 of these regulations."
 42 C.F.R. § 2.32 states, as follows:
 "Notice to accompany disclosure. Each disclosure made with the patient's written consent must be accompanied by the following written statement:
 "This information has been disclosed to you from records protected by federal confidentiality rules (42 C.F.R. Part 2). The federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 C.F.R. Part 2. A general authorization for the release of medical or other information is not sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient."
We understand that the presentence alcohol and drug evaluation reports which the court receives contain the disclosure stated in42 C.F.R. § 2.32. Consequently, it is our opinion that the presentence alcohol and drug evaluation reports received by the municipal court are "records" pursuant to 42 U.S.C. § 290dd-2 if the individual or entity preparing the report is receiving federal assistance. ["Federal assistance" is broadly defined at 42 C.F.R. § 2.12(b)]. Therefore, those reports may not be disclosed unless the individual consents or an appropriate court order is secured.
The regulations relating to disclosure with a court order are found at42 C.F.R. § 2.61 et seq. We refer the reader to those regulations which contain the procedures for applying for orders authorizing disclosure for noncriminal purposes as well as regulations concerning notice to the holder of the records and an opportunity for the holder to file a written response to the application. Finally, 42 C.F.R. § 2.63
addresses the findings that a court order authorizing the disclosure must contain.
Summarizing, it is our opinion that 42 U.S.C. § 290dd-2 prohibits a municipal court from disclosing presentence alcohol and drug evaluation reports prepared by an individual or an entity receiving federal assistance to third parties absent the defendant's consent or a court order which conforms to the requirements of 42 U.S.C. § 290dd-2(b)(2)(C) and 42 C.F.R. § 2.61 et seq.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm